IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLA DIGGS,<br><br>       Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | CIVIL ACTION<br>NO. 13-4336 |

**MEMORANDUM**

**Schmehl, J. /s/ JLS**                                                                May 28, 2015

       Pending before the Court is the report and recommendation of the Honorable Linda K. Caracappa (Docket No. 14). Plaintiff filed objections to the report and recommendation. As such, this matter is ripe for review. After a thorough review of the report and recommendation and the administrative record, as well as all documents filed in connection with the Complaint, I will decline to adopt the Report and Recommendation. This matter is remanded to the Commissioner of Social Security for further proceedings in order to properly consider Plaintiff's credibility and its effect on her alleged impairments.

**I.**     **STANDARD OF REVIEW**

       When timely objections are filed to a report and recommendation prepared by a magistrate judge, the district court must review *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

### 1. The ALJ did not properly assess Plaintiff's credibility

At issue is whether the ALJ properly analyzed all evidence necessary to reach a determination as to Plaintiff's credibility. The ALJ found that the "objective evidence of record does not support the claimant's extreme physical complaints, and limitations, and reveals that the claimant is not fully credible." (Administrative Record 25) (hereinafter "A.R."). In analyzing the ALJ's credibility determination, the Magistrate Judge found that the ALJ's assessment of the credibility of Plaintiff's complaints does not warrant remand, despite finding multiple errors with regard to that credibility assessment. I find that the errors in the ALJ's credibility determination require remand, as set forth below.

First, it is well-established that when a claimant has a lengthy work history of continuous work, his or her testimony is entitled to "substantial credibility." Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir.1979) (remanding the case to the ALJ where the ALJ failed to consider Dobrowolsky's twenty-nine years of continuous work when making a negative credibility finding as to his testimony about his pain). Nonetheless, "a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility." Thompson v. Astrue, 2010 WL 3661530, (W.D.Pa. Sept.20, 2010).

In the instant matter, the Magistrate Judge noted that the ALJ failed to discuss Plaintiff's work history and found this "failure to expressly note plaintiff's seventeen year work history to not constitute reversible error."[1] (Report and Recommendation p. 27) (hereinafter "R&R"). However, I find that the ALJ should have recognized and discussed

---

[1] In fact, the administrative record shows that Plaintiff had a **twenty-six year** work history with continuously covered quarters from 1980 to 1981and from 1984 to 2008. (A.R. 171-173.)

2

Plaintiff's long work history in evaluating her credibility. See Weber v. Massanari, 156 F.Supp.2d 486, 475 (E.D. Pa. 2001) (where the plaintiff worked at the same store for 15 years, "testimony regarding subjective complaints from a claimant with a long work record is entitled to substantial credibility."); Bond v. Astrue, 2011 WL 710207 (W.D. Pa. 2011) (directing the ALJ to consider on remand the plaintiff's long work history in the context of his overall credibility determination); Jester v. Astrue, 2009 WL 348738 (E.D. Pa. Feb. 11, 2009) (finding that in the case of a plaintiff who worked for approximately 20 years before she stopped working due to her disability, "[t]he ALJ erroneously failed to recognize that Plaintiff's long work history afforded substantial credibility to her testimony concerning her limitations") (citing Dobrowolsky 606 F.2d at 409)). Plaintiff worked for twenty-six years prior to her disability, twenty-four of them continuously. This fact alone does not make her entirely credible, but it does need to be taken into consideration when evaluating her credibility. Further, even if the ALJ's failure to consider Plaintiff's long work history did not amount to reversible error by itself, I find that when this error is taken together with the additional errors discussed below regarding Plaintiff's credibility, reversible error exists and remand is warranted.

Plaintiff also disagrees with the Magistrate Judge's determination that the ALJ's failure to address or inquire into Plaintiff's lack of insurance in making the credibility determination was harmless error. Social Security regulations stated that an "individual's statements may be less credible . . . if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical

3

treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p. The regulations go on to list several examples of this, such as when the "individual may be unable to afford treatment and may not have access to free or low-cost medical services." Id.

In the instant matter, the ALJ found that Plaintiff "ha[d] been non-compliant with medication on more than one occasion, which reflect[ed] poorly on her credibility." (A.R. 27.) The ALJ cited treatment records to support Plaintiff's non-compliance with her medication, but then failed to discuss the portions of those same treatment records that indicated Plaintiff had not sought treatment for a year due to lack of insurance. (A.R. 922, 890, 893.) The Magistrate Judge found that the ALJ erred by failing to address or inquire into plaintiff's lack of insurance, but then found that this error was harmless. (R&R p. 24.) I find that the ALJ's failure to consider whether Plaintiff could afford medical treatment and medication due to the state of her insurance coverage was an error that requires remand. See Vance v. Astrue, 2009 U.S. Dist. LEXIS 125322 (E.D. Pa. Dec. 11, 2009) (finding that an ALJ was prohibited from drawing an adverse inference from plaintiff's failure to treat his sleep apnea because he was unable to afford a CPAP machine); see also Manuella v. Astrue, 2009 WL 1491451 (E.D. Pa. May 27, 2009) (ALJ may not infer functional effect of symptoms without considering any explanations that the individual may provide to explain a failure to seek treatment). As stated above, even if this error alone was insufficient to warrant remand, when all the errors made by the ALJ in the credibility determination are considered together, remand is warranted for a proper credibility determination.

Plaintiff also disputes the Magistrate Judge's determination that the ALJ's failure to consider the observation of a Social Security Field Office employee was harmless error. A Social Security Field Office employee indicated that Plaintiff "was uncomfortable sitting for interview, appeared in be in pain, grimacing." (A.R. 190.) Social Security Rulings require that in evaluating the credibility of an individual's statements, an "adjudicator must also consider any observations about the individual recorded by Social Security Administration (SSA) employees during interviews, whether in person or by telephone." SSR 96-7p. The Magistrate Judge found the ALJ's failure to "expressly reference the field officer's notation" was harmless error because the ALJ had considered a medical opinion statement which included a reference to the field officer's observations. (R&R, p. 25.) I find that the failure to consider the field officer's notes as to Plaintiff's condition is reversible error, as the Social Security Ruling states that the ALJ "must" consider any observations of SSA employees during interviews, which the ALJ in this matter did not do, as there was no mention of said observations in his opinion.

Lastly, Plaintiff also disagrees with the Magistrate Judge's finding that it was harmless error for the ALJ to fail to consider the statement submitted by Charles Brown, Plaintiff's fiancée. Mr. Brown submitted a written statement regarding Plaintiff's use of a cane and medications. The Magistrate Judge found that this statement was cumulative evidence which merely reasserted Plaintiff's own statements, and therefore, the failure to consider it was harmless error. (R&R pp. 25-26.) I disagree with the Magistrate Judge's determination, as an ALJ cannot ignore third party witness statements when judging the credibility of a claimant. Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000). Ordinarily, the failure to consider third party statements constitutes reversible

error. Zerbe v. Colvin, 2014 WL 2892389 (M.D. Pa. June 26, 2014), citing Burnett, 220 F.3d at 122. Whether the statement of Mr. Brown was cumulative or not, the ALJ needed to consider it when performing his credibility determination as to Plaintiff. At a minimum, Mr. Brown's statement may have bolstered Plaintiff's credibility, as it supported her testimony regarding her use of a cane and medications. This error was not harmless, particularly when taken together with all the other errors committed by the ALJ in his credibility determination.

The ALJ's errors in assessing Plaintiff's credibility are not harmless, as recommended by the Magistrate Judge. The ALJ's credibility assessment was flawed by his failure to discuss Plaintiff's long work history, her lack of insurance, the third party statement of her fiancée and the observations of the Social Security Field Office employee. Therefore, I will not adopt the recommendation of the Magistrate Judge and I will remand this matter to the ALJ to perform a proper credibility determination, taking all of this information into consideration.

Further, because I find the ALJ's credibility finding was flawed, and the RFC determination, by necessity, was based in part upon this flawed credibility determination, a new RFC determination must also be completed on remand. Therefore, I do not reach Plaintiff's other challenges to the Report and Recommendation.

### III. CONCLUSION

I will decline to adopt the Magistrate Judge's Report and Recommendation. I will remand this matter to the Commissioner for further proceedings consistent with this opinion.